The Honorable Robert H. Barnes, Mayor City of Horseshoe Bend
704 West Commerce Street Horseshoe Bend, Arkansas 72512
Dear Mr. Barnes:
You have requested my opinion regarding the Arkansas Freedom of Information Act ("FOIA"). The basis for your request is A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009), which authorizes the custodian, requester, or the subject of personnel, employee evaluation, or job performance records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA. I must note in this respect that my statutory authority to opine on the appropriateness of a custodian's tentative opinions regarding the release of material under the FOIA is sharply limited to questions posed by the subject of an FOIA request, the custodian of the records being requested, or the requester himself. My authority is further limited to reviewing a custodian's decision only with respect to personnel records and employee evaluation/job performance records.
As reflected in the statutory charge just set forth, my obligation to respond to a question falling under the FOIA turns in the first instance upon an FOIA request indeed having been made. It is unclear from your factual recitation whether this condition has been met.
You report that the City of Horseshoe Bend maintains public recreational facilities through a publicly funded Municipal Recreation Improvement District (the "MRID"). The MRID is reportedly funded through a tax that is levied and *Page 2 
collected separately from regular city taxes. The MRID is further reportedly governed independently by a commission of five members selected in a manner you do not indicate.
You report that an employee of the MRID was dismissed in late 2010. The employee requested a hearing to be mediated by a representative of the EEOC, Little Rock Area Office. This hearing was promptly held at the MRID offices, with the employee, the commissioners and the mediator present.
Following the meeting, the MRID Chairperson called the local newspaper to inform it that the meeting had occurred and that the commissioners, at the mediator's behest, had signed a confidentiality agreement, pursuant to which the Chairperson was authorized to release only the following statement to the press:
 That the MRID commissioners had met in closed session to discuss a personnel issue on Wednesday, November 24, 2010 and that the personnel matter had been resolved.
She informed the newspaper that this statement was to be printed as stated and that no further information would be disclosed.[1]
After considerable discussion, the MRID Chairperson on December 1 gave the newspaper contact information on the EEOC mediator, who informed the newspaper that he could provide them no information, including even the fact that a meeting had occurred.
You have offered various opinions regarding the scope of the FOIA disclosure standards under the factual scenario just recited. Among the factors you discuss is your planned or already made request to the EEOC that it authorize release of information related to the mediation meeting that is not otherwise restricted from disclosure under other applicable provisions of the FOIA.[2] *Page 3 
Several problems arise in considering your request. In the first place, it is not established that any party ever made an FOIA request to another party, thus possibly rendering the FOIA inapplicable at least for the moment. Secondly, even if an FOIA request were made, it appears doubtful that the conditions set forth in my first paragraph regarding who might make a request of this office have been met. As noted above, only the subject of a request, the custodian of the records requested or the party making the request for disclosure may seek an Attorney General's review of the custodian's conditional decision regarding disclosure.
Specifically with respect to the second of these considerations, it seems questionable that you as mayor are indeed the custodian of the documents that would be responsive to the newspaper's request. You indicate in your statement of facts that the MRID is "an entity unto itself, governed by itself." This characterization strongly suggests that the custodian is in all likelihood an officer or employee of the independent MRID, not an officer or employee of the city. Without clarification of your status in posing your questions, I must respectfully decline to respond at this point.
It is unclear as well whether any decision has been made regarding the release of personnel or evaluation records, so as to trigger my duty of review under A.C.A. § 25-19-105(c)(3)(B). I can and will, however, set forth the various standards for the release by a custodian of such records. For example, assuming documents qualify as "public records" under the FOIA, different standard will apply if the documents are classified as "personnel records," as distinct from "employee evaluation/job performance records." These distinct standards are discussed in detail in the attached Op. Att'y Gen. No. 2010-078. I need not repeat my analysis here. These standards are also set forth in the Freedom of Information ActHandbook referenced in your request, which this office co-sponsors.[3] I need only stress that the custodian must scrupulously apply these standards in determining what documents to release. *Page 4 
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] You report that the newspaper sought information from MRID only regarding whether a settlement had been necessary and whether further litigation would be necessary. In this regard, I should point out that A.C.A. § 19-25-105(c)(3)(B) limits our review to a custodian's decision regarding disclosure of only personnel records and employee evaluation/job performance records. Although the question is ultimately one of fact, the information sought may not fall within either category.
[2] With regard to records relating to EEOC proceedings, it should be noted that such records are exempt from disclosure pursuant to A.C.A. § 25-19-105(a), which excludes from disclosure records restricted from disclosure by other laws. See Ops. Att'y Gen Nos. 2002-237 and 2002-245 (opining that such a restriction extends even to documents transferred by the EEOC to other agencies). Additionally, although settlement agreements involving public agencies are generally subject to disclosure, see
A.C.A. § 25-18-401 (Repl. 2002) (barring public agencies from entering into secret settlement agreements) and Op. Att'y Gen. No. 2007-003 (noting this bar), this general rule does not apply if another law bars disclosure.
[3] Your request makes reference to the 13th
edition of this Handbook. This office has since compiled a 14th edition, which I am attaching to this response.